IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY BRYAN DONAHUE, :
       Plaintiff, :
       v. : Civil Action No. 02-224J
SERGEANT RANDY BEERS, TROOPER :
MICHAEL MAYS, CORPORAL CARL P. :
MEDSGER, CORPORAL YOHE, and :
JOHN DOE PENNSYLVANIA STATE :
POLICE TROOPERS, :
       Defendants :

## MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On August 28, 2006, the Magistrate Judge filed a Report and Recommendation, docket no. 45, recommending that the defendants' motion for summary judgment, docket no. 37, be granted.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation.  Plaintiff filed timely objections, docket no. 46.  The Magistrate Judge asked for the citation in the record supporting a statement made in the objections, docket no. 47, which the plaintiff provided at docket no. 48.  Plaintiff asserts that the officers could not have reasonably believed they were not using excessive force because the plaintiff testified that in his arrest he sustained permanent injury to his hand when "something was damaged in [plaintiff's] wrist."  See docket no. 48.  Unlike the plaintiff in Kopec v.

Tate, 361 F.3d 772 (3d Cir. 2004), plaintiff in this matter never complained about this injury at the time he was handcuffed, nor when he was examined after his arrest. He had a cut on the inside of his right wrist, and an abrasion on the outside of his wrist. docket no. 48, citing plaintiff's deposition testimony. Plaintiff has no medical history of treatment (or seeking treatment) for this alleged injury. As to the plaintiff's alleged permanent injury to his hand, plaintiff has produced no sufficient evidence to create an issue of material fact that the defendant troopers used excessive force, much less that the troopers knowingly did so and therefore lost the defense of qualified immunity.

After de novo review of the record of this matter together with the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 26th day of September, 2006, it is

ORDERED that, defendants' motion for summary judgment, docket no. 37, is granted. The Report and Recommendation, as supplemented, is adopted as the Opinion of the Court. The Clerk shall mark this matter closed.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to:
    counsel of record